No. 581

SHORT v. ANDERSON, Trustee

No. 19812.  Supreme Court

On motion to certify.  Dock. May 10, 1926.

**1271. WILLS—Where an insurance contract specifically names an individual as beneficiary by so stipulating in a will executed subsequently to the issuance of the insurance policy?**

This action was brought originally in the Pickaway Common Pleas by Helen, Matilda and Frank Bennett against Wm. F. Anderson, Trustee, William A. Fleming and Barbara Short to settle certain difficulties arising in the settlement of an estate in which they were all interested.

It appears that Anderson as Trustee and under court order loaned $14,000 to one Mary E. Fleming which was secured by a mortgage upon certain real property.  Anderson was Trustee for Helen, Matilda and Frank Bennett, who were to receive the money received by this loan after the decease of Mary Fleming, the interest being paid to Mrs. Fleming during her natural life.  An insurance policy was issued on the life of Mrs. Fleming for $8,000, William A. Fleming her husband being the beneficiary named.  The will executed by Mrs. Fleming provided that the money received from the insurance policy should be paid on the trust fund.

Mr. Fleming declined to take under the will and elected to take according to law.

The court of appeals held that the provision in the will could not alter or change the beneficiary named in the insurance contract.

Short in the Supreme Court contends:

1.  That the provision of the will changed the beneficiary.

2.  That no interest should be charged on the note during the pendency of the litigation of the Bennetts.

Attorneys—J. P. Phillips, Chillicothe, for Short; C. A. Hoopes, Marysville, E. A. Brown and Mr. Terwilliger, Circleville, for Defendants.

No. 582

LOWE et v. KINDALL

No. 19853.  Supreme Court

On motion to certify.  Dock. May 29, 1926.

**997. REAL ESTATE—Where through the mistake of a party who drew the deed the reservations in said deed were not in accordance with the understanding of the grantor and grantee, may said deed be reformed in accordance with the intention of the parties thereto?**

D. W. Lowe et al, brought this action originally in the Monroe Common Pleas against Eva F. Kindall in which a reformation of a deed was sought.

It appears that Lowe conveyed certain real estate to Kindall by deed in which royalties from oil and gas were reserved.  The parties agreed that Kindall would in no way interfere with the operation of oil or gas wells and the evidence disclosed that the party who drew the deed reserved to the grantors the royalties "forever".

Kindall in another action had filed suit in an effort to eject the lessees in the oil and gas lease from the property and enjoin the further operation of the wells, which action if successful would deprive the grantors of the deed in question from any right to royalties.

The oil and gas lease terminated at a certain date, but it was the understanding of the parties to the deed that said lease would be in effect until all oil and gas was removed from the party.

The Common Pleas refused to reform the deed because it was unable to ascertain what agreement existed between the parties.  The Appeals entered a decree in favor of the defendant on the ground that there was no mutual mistake concerning the termination of the lease because both parties believed the lease would continue as long as oil and gas were taken from the property in paying quantities.

Lowe in the Supreme Court contends:

That the deed should be reformed in accordance with the intention of the parties to the deed.

Attorneys—Moore, Devaul & Moore, Woodsfield, for Pltf.

No. 583

NEW YORK CENT. RAILWAY CO. v. IRVINE

No. 19833.  Supreme Court

On motion to certify.  Dock. May 20, 1926.

**355. DAMAGES—In an action by an employe against a railroad company by reason of the loss of one eye and the impairment of the sight of the other may the jury in assessing damages consider the effect that such impairment may have on his earning capacity in the future as well as what it has had in the past, or should the court charge that the damages must be limited to those reasonably certain to result from the injury.**

James Irvine brought this suit originally in the Cuyahoga Common Pleas against the New York Central Railroad Company for damages sustained by reason of the alleged negligence of the company.

Judgment was rendered by the Common Pleas for Irvine, which judgment was affirmed by the appeals.

The error complained of is that the court did not properly charge the jury concerning the elements of damage.  The court charged in part as follows:

"You may take into consideration any impairment of vision which has been established and the effect that such impairment of vision may have upon his earning capacity in the future as well as what it has had in the past.  These are the principal elements which you will take into consideration."

Irvine had lost the sight of one eye and had sustained an impairment of the vision of the other through this injury.  The company in the Supreme Court contends:

1.  That the damages should have been limited by the court in its charge to such as may be reasonably certain to result from the injury.

2.  The charge of the court placed the company at the mercy of any speculation in which the jury cared to indulge.

Attorneys—West, Lamb & Westenhaver, Cleveland, for Company; Bernsteen & Bernsteen, Cleveland, for Irvine.